UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:06-CV-822-JCH |
| ) | |
| LORENZO CHANCELLOR, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Robert Bell (registration no. 526934) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Applicant has submitted an affidavit and a certified copy of his prison account

statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1), (2). A review of applicant's account statement indicates an average monthly deposit of $8.50 and an average monthly account balance of $.10. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.70 which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

## The complaint

Plaintiff seeks declaratory, injunctive and monetary relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights while detained at the St. Louis City Justice

Center (SLCJC). Named as defendants are Lorenzo Chancellor (grievance coordinator, SLCJC), Felicia Curtis (correctional officer), J. Miller, Ben Gennaro (correctional officer), Sheryl Chalmers (correctional officer), Unknown Percy (correctional officer), Unknown Jasper (correctional officer), Terry Paine (correctional officer), Unknown Woods (correctional officer), Unknown Garret (law librarian), Pat Schommer (assistant superintendent, SLCJC), Jerome Fields (Ombudsman, SLCJC), Unknown Jackson (correctional officer), Unknown Williams (correctional officer), Unknown Dentist, M. Walls (D. A.), E. Attusburg (nurse), Unknown McPhaton, Gene Stubblefield (Superintendent, SLCJC), Sophia Watson (nurse), Unknown Harris (nurse), S. Singer, Michael Clemons (shift commander, SLCJC), Raymond Brown (lieutenant, SLCJC) and Volander Walker (lieutenant, SLCJC).

Plaintiff's allegations fall within three general categories: 1) that he suffered bleeding, serious pain and difficulty eating because of inadequate dental care; 2) that he suffered employment discrimination because of his age and in retaliation for his having filed grievances; and 3) that he was retaliated against and disciplined because he filed grievances and lawsuits. Plaintiff alleges that defendant Stubblefield knew of these violations, failed to correct them and created a policy or custom under which these practices could occur.

**Discussion**

**A.  Background and threshold matters**

This action is, in many respects, identical to a previous action filed by the plaintiff. *See Bell v. St. Louis County Justice Center*, No. 4:03-cv-810-JCH (E.D. Mo.). The Court dismissed plaintiff's allegations regarding inadequate dental care and employment discrimination pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's employment discrimination claims failed because he was not

3

an employee of the SLCJC for purposes of federal employment discrimination laws. Plaintiff's claim of inadequate dental care failed because he alleged only cosmetic concerns and did not allege that he was in pain or unable to eat.

On appeal, the Eighth Circuit Court of Appeals affirmed the district court's dismissal of plaintiff's employment discrimination and inadequate dental care claims but reversed and remanded as to his claim that defendant Chancellor threatened him and deprived him of privileges after plaintiff filed grievances and appeals. *Bell v. St. Louis County Justice Center*, No. 04-1671 (8th Cir. Sept. 10, 2004). On May 2, 2006, after a two-day trial, the jury found for defendant Chancellor and against plaintiff on this issue. The case is currently on appeal.

Accordingly, plaintiff's complaint regarding employment discrimination must be dismissed because it was dismissed as frivolous in a previous action and such dismissal was upheld on appeal. *See Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) (holding that dismissal of claim as frivolous has res judicata effect on frivolousness determinations for future in forma pauperis petitions raising identical claims). Furthermore, plaintiff's retaliation claim against defendant Chancellor must be dismissed because it is, in essence, the same as that which plaintiff previously filed and arises from ". . . the same nucleus of operative facts as the prior claim." *See Lane v. Peterson,* 899 F.2d 737, 744 (8th Cir. 1990). The claim has been tried to a jury and judgment entered against plaintiff. The claim is, therefore, precluded by the operation of res judicata. *See id.*

As a further threshold matter, the Court notes that some claims made by plaintiff are barred because they arose more than three years before plaintiff filed the instant action. The Court applies Missouri's three-year statute of limitation to § 1983 actions against public officers, including prison guards and staff. *Foster v. Armontrout*, 729 F.2d 583, 586 (8th Cir. 1984) (citations omitted).

4

Although plaintiff signed his complaint on May 5, 2006, it was not placed in the prison mail system until at least May 16, 2006, the date on which plaintiff's inmate account statement was certified. *See* Doc. 2, Inmate Account Statement. Invoking the prison mail box rule, the Court will deem the action filed May 16, 2006. *See, e. g., Paige v. United States*, 171 F.3d 559, 560 (8th Cir. 1999) (pro se prisoner's document deemed "filed" when deposited in prison mail). Accordingly, all claims that arose prior to May 16, 2003, except for those that are alleged to be part of an ongoing constitutional violation, are barred by the statute of limitations.

As a final threshold matter, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985); *Mayorga v. Missouri*, No. 05-2762, slip op. at 6 (8th Cir. March 30, 2006) (citations omitted) (plaintiff in § 1983 action ". . . must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights"). Plaintiff fails to allege any specific facts indicating that defendants Miller, Chalmers, Jasper, Paine, Woods, Schommer, Fields, Jackson, Williams, Walls, Attusburg, McPhaton, Watson, Harris, Singer, Clemons, Brown and Walker were directly involved in or personally responsible for the alleged deprivation of his constitutional rights. Alternatively, assuming *arguendo*, that plaintiff's allegations were sufficient to indicate personal involvement or direct responsibility for incidents that injured plaintiff, such allegations are insufficient to sustain a constitutional violation. Thus, the complaint is legally frivolous as to said defendants.

### B. Inadequate dental care

These holdings do not, however, dispose of plaintiff's claim of inadequate dental care. In the prior case, plaintiff's claim was dismissed without prejudice because he alleged only cosmetic

concerns and not a sufficiently serious medical need. *See Bell,* No. 4:03-cv-810-JCH.

As the Supreme Court stated in *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), to state a claim for medical mistreatment in violation of the Eighth Amendment, a plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Id.* Plaintiff was repeatedly seen by defendant dentist, who extracted teeth and gave plaintiff pain medication. However, according to plaintiff, after defendant dentist extracted a tooth on September 23, 2003, plaintiff was denied dental services for constant pain, bleeding, difficulty eating and restoration of teeth even though defendant dentist repaired and enameled other inmates' teeth and provided a partial plate. Plaintiff alleges that he lacked needed dental care until after he was transferred to the Southeast Correctional Center (SECC) on May 3, 2004, a period of more than seven months. Plaintiff states that the dentist at SECC removed the broken, painful teeth and provided him with a partial plate. Plaintiff's claims regarding inadequate dental care are sufficient to allege a constitutional violation and survive review under § 1915(e)(2)(B). Accordingly, the Court will require defendant dentist to respond to plaintiff's claims.

**C.     Retaliation**

Plaintiff also claims that defendants retaliated against him for filing grievances. Actions taken in retaliation for filing grievances and lawsuits abridge an inmate's right to seek redress of grievances and may violate the inmate's right of access to the courts and First Amendment rights. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (citations omitted). Plaintiff's claims that defendant Gennaro confined him to his room for three days in retaliation for his filing grievances and that defendant Garret suspended his law library privileges in retaliation for his refusal to apologize

to defendant Curtis for filing grievances against her survive review under § 1915(e)(2)(B).[1]

Under the heading "(Conspiracy) to retaliate for opposition to harrassment [sic] and for discrimination under employment statues [sic] and the First Amendment 42 USC § 1983," plaintiff makes the following claims: 1) that defendant Percy allowed him to be assaulted by an inmate; 2) that defendant Curtis tore up his personal pictures and legal documents; and 3) that defendant Curtis falsely accused him of assault resulting in his being arrested and placed in administrative segregation. Liberally construing plaintiff's complaint as claiming that these actions were taken in retaliation for his having filed grievances, the Court finds that plaintiff's claims survive review under 28 U.S.C. § 1915(e)(2)(B).

D.      **Defendant Stubblefield**

Plaintiff claims that defendant Stubblefield was aware of the violations of his constitutional rights but failed to take correct the wrongs, permitted them to continue, and created a policy or custom under which such practices occurred. Clearly, defendant Stubblefield may not be held liable on the basis of his status as SLCJC superintendent. *See Glick v. Sargent*, 696 F.2d 413, 414-15 (8th Cir. 1983) (per curiam) (respondeat superior theory inapplicable in § 1983 suits). However, "chief executive officers of penal institutions, such as '[a] prison warden can be held liable for policy decisions which create unconstitutional conditions.'" *Reutcke v. Dahm*, 707 F.Supp. 1121, 1134 (D.Neb.1988) (quoting *Martin,* 780 F.2d at 1338; *Ouzts v. Cummins,* 825 F.2d 1276, 1277 (8th Cir. 1987) (per curiam). Thus, defendant Stubblefield, as SLCJC superintendent, may be held liable

---

[1]The Court notes that plaintiff's claim defendant Curtis placed him in solitary confinement for asking for her first name to be used to identify her as a defendant in the instant action is barred by the statute of limitations. As set forth above, alleged violations which occurred prior to May 16, 2003, are barred, and, according to plaintiff, this incident occurred on May 8, 2003.

7

for policy decisions that create unconstitutional conditions. The Court cannot discount the possibility that defendant Stubblefield was responsible for the policy decisions that created the conditions alleged by plaintiff to be unconstitutional. *See id.* Therefore, defendant Stubblefield may be a proper defendant in this matter.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 1] be **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $1.70 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Chancellor, Miller, Chalmers, Jasper, Paine, Woods, Schommer, Fields, Jackson, Williams, Walls, Attusburg, McPhaton, Watson, Harris, Singer, Clemons, Brown and Walker because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Unknown Dentist, Curtis, Gennaro, Percy, Garret and Stubblefield.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Unknown Dentist, Curtis, Gennaro, Percy, Garret and Stubblefield shall respond to the complaint

within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

An appropriate order shall accompany this order and memorandum.

Dated this 28th day of June, 2006.


/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**