UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT BELL, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:06CV822 JCH |
| ) | |
| GENE STUBBLEFIELD, et al., ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon Defendant Gene Stubblefield's Motion for Summary Judgment, filed July 20, 2007. (Doc. No. 66). The matter is fully briefed and ready for disposition.

## BACKGROUND

By way of background, Plaintiff Robert Bell filed his Complaint in this matter under the Civil Rights Act, 42 U.S.C. § 1983, on May 22, 2006. (Doc. No. 3). In his Complaint, Plaintiff named as Defendants a number of employees of the St. Louis City Justice Center ("SLCJC"). Plaintiff sought declaratory, injunctive, and monetary relief, for alleged violations of his constitutional rights while he was detained at the SLCJC. Plaintiff's allegations fell within three general categories: 1) that he suffered bleeding, serious pain, and difficulty eating, because of inadequate dental care; 2) that he suffered employment discrimination because of his age and in retaliation for his having filed grievances; and 3) that he was retaliated against and disciplined because he filed grievances and lawsuits. With respect to Defendant Stubblefield[1], Plaintiff alleged he knew of the violations and

---

[1] At all relevant times, Defendant Stubblefield held the position of Superintendent of Corrections for the City of St. Louis Division of Corrections. (Defendant Stubblefield's Motion for Summary Judgment, P. 2).

failed to correct them, he permitted the violations to continue, and he created a policy or custom under which the violations could occur. (Compl., P. 17).

In an Order entered June 28, 2006, this Court granted Plaintiff's motion for leave to proceed in forma pauperis. (Doc. No. 4). The Court then dismissed the portions of Plaintiff's Complaint alleging employment discrimination and retaliation against Defendant Lorenzo Chancellor, as barred by the operation of res judicata. (Id., P. 4). The Court further noted some of Plaintiff's claims were barred by the applicable statute of limitations. (Id., PP. 4-5). Finally, the Court dismissed Plaintiff's claims against all Defendants except Unknown Dentist, Felicia Curtis, Ben Gennaro, Unknown Percy, Unknown Garret, and Gene Stubblefield, for being legally frivolous and/or failing to state a claim upon which relief may be granted. (Id., P. 8). The Court thus permitted only the following claims to proceed:

1. A claim of deliberate indifference to serious medical needs against Defendant Dentist;

2. A claim of retaliation for filing grievances against Defendants Gennaro, Garret, Curtis, and Percy; and

3. A claim against Defendant Stubblefield, for making policy decisions that allegedly created the unconstitutional conditions.

(Id., PP. 5-8). In a separate Order entered December 18, 2006, however, the Court dismissed Plaintiff's claims against Defendants Curtis, Percy, Garret and Unknown Dentist, for failure to serve. (Doc. No. 29).

As stated above, Defendant Stubblefield filed the instant Motion for Summary Judgment on July 20, 2007. (Doc. No. 66). In his motion, Defendant Stubblefield maintains Plaintiff's Complaint against him must be dismissed, because the undisputed facts show (1) there is no policy or custom at SLCJC that correctional officers threaten, punish, or retaliate against inmates for filing grievances; (2) Defendant Stubblefield had no knowledge that any correctional officer, including Lieutenant

Gennaro, threatened, punished, or retaliated against any inmate, including Plaintiff, for filing grievances; (3) Defendant Stubblefield did not receive or review any grievances filed by Plaintiff; and (4) the City of St. Louis Division of Corrections contracts with Correctional Medical Services ("CMS"), a separate entity, to provide medical services for inmates, including dental care, and thus Defendant Stubblefield makes no decisions with regard to the dental care provided for inmates, including Plaintiff.

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. Anderson, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. Anderson,

477 U.S. at 255. The Court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Id. at 249.

## DISCUSSION

**I.** **Is Defendant Stubblefield Entitled To Summary Judgment On Plaintiff's Claim That He Was Retaliated Against And Disciplined For Filing Grievances And Lawsuits?**

Under Eighth Circuit law, it is well settled that the doctrine of respondeat superior is inapplicable to § 1983 claims. Vaughn v. Greene County, Ark., 438 F.3d 845, 851 (8th Cir. 2006). Rather, "[f]or a plaintiff to succeed on a § 1983 claim, he must demonstrate that the defendant was personally involved in the constitutional deprivation or had actual knowledge of the injury." Carter v. Blake, 2006 WL 568347 at *2 (E.D.Mo. Mar. 7, 2006) (citation omitted). "A general responsibility for supervising the operations of a correctional facility is insufficient to establish the personal involvement required to support liability." Coffman v. Blake, 2006 WL 2594774 at *2 (E.D. Mo. Aug. 11, 2006) (citation omitted). "However, if a supervisor continuously fails to rectify known violations, an inference of reckless disregard or tacit authorization may be drawn and liability may attach in that case." Id. (citation omitted). See also Howard v. Adkison, 887 F.2d 134, 138 (8th Cir. 1989) (citations omitted) ("A single incident, or a series of isolated incidents, usually provides an insufficient basis upon which to assign supervisory liability. However, as the number of incidents grow, and a pattern begins to emerge, a finding of tacit authorization or reckless disregard becomes more plausible.").

As stated above, in his Motion for Summary Judgment, Defendant Stubblefield maintains (1) there is no policy or custom at SLCJC that correctional officers threaten, punish, or retaliate against inmates for filing grievances; (2) Defendant Stubblefield had no knowledge that any correctional officer, including Lieutenant Gennaro, threatened, punished, or retaliated against any inmate, including Plaintiff, for filing grievances; and (3) Defendant Stubblefield did not receive or review any

grievances filed by Plaintiff. In an affidavit attached to his motion, Defendant Stubblefield testifies as to the veracity of the above assertions. (Defendant Stubblefield's Motion for Summary Judgment, attached Exh. A). In his response to Defendant Stubblefield's motion, Plaintiff offers no evidence to contradict Defendant Stubblefield's assertions. Rather, Plaintiff asserts only that Defendant Stubblefield, "is kept apprised of all actions of his officers within the St.L.C.J.C. *are [sic] in all likelyhood [sic] supposed to be*," and that Defendant Stubblefield, "was aware *are [sic] should have been aware of the retaliation*....[and] failed to take appropriate action to correct the wrongs and thereby permitted the wrongs to continue, and thereby created a policy or custom under which such practices occurred." (Plaintiff's Response, Doc. No. 79, PP. 3, 7 (emphasis added)). Upon consideration, the Court finds Plaintiff's speculation as to Defendant Stubblefield's alleged knowledge insufficient to state a claim under § 1983, as Plaintiff fails to provide facts demonstrating this particular Defendant's personal involvement or knowledge. Defendant Stubblefield's Motion for Summary Judgment with respect to this portion of Plaintiff's Complaint will therefore be granted.

**II.** **Is Defendant Stubblefield Entitled To Summary Judgment On Plaintiff's Claim That Defendant Stubblefield Demonstrated Deliberate Indifference To Plaintiff's Serious Medical Need, By Allowing Plaintiff To Suffer Bleeding, Serious Pain, And Difficulty Eating Due To Inadequate Dental Care?**

In his Motion for Summary Judgment, Defendant Stubblefield maintains Plaintiff's claims with respect to Plaintiff's allegedly inadequate dental care must be dismissed, as Plaintiff fails to establish an Eighth Amendment claim against him for deliberate indifference to a serious medical need. (Defendant Stubblefield's Memorandum in Support of his Motion for Summary Judgment, PP. 4-5). The Eighth Circuit has held that, "[t]he Eighth Amendment requires prison officials to provide humane conditions of confinement, and [o]ne condition of confinement is the medical attention given to a prisoner." Aswegan v. Henry, 49 F.3d 461, 463-64 (8th Cir. 1995) (internal quotations and citations omitted). "[A] prison official violates the Eighth Amendment by being deliberately

indifferent *either* to a prisoner's *existing* serious medical needs *or* to conditions posing a substantial risk of serious *future* harm." Id. at 464 (internal quotations and citation omitted) (emphasis in original).

> There is both an objective and subjective component to a claim of deliberate indifference. A plaintiff must demonstrate (1) that [he] suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.

Tlamka v. Serrell, 244 F.3d 628, 633 (8th Cir. 2001) (internal quotations and citation omitted).

Upon consideration, the Court need not decide whether Plaintiff's allegations satisfy the objective component of an Eighth Amendment violation, as it is clear from the evidence presented they do not meet the subjective requirements. A prison official may be found "deliberately indifferent" only if he, "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994).[2] In an affidavit attached to his Motion for Summary Judgment, Defendant Stubblefield testifies in relevant part as follows:

> 3. I do not have any personal knowledge of an inmate named Robert Bell who apparently, at all times pertinent hereto, was an inmate in the City of St. Louis Division of Corrections system....
>
> 5. As Superintendent and now Commissioner, I do not generally receive or review grievances filed by inmates. I have not received or reviewed any grievance filed by Plaintiff Robert Bell.
>
> 6. The City of St. Louis Division of Corrections contracts with Correctional Medical Services (CMS), an entity separate from the City of St. Louis and the City of St. Louis Division of Corrections, to provide medical services and care

---

[2] "The [Supreme] Court stated that 'an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot....be condemned' under the Eighth Amendment." Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997), quoting Farmer, 511 U.S. at 838, 114 S.Ct. at 1979.

>    for inmates under the City of St. Louis Division of Corrections System, including dental care.
>
> 7. I do not have any formal medical training, including training for the dental care of patients. I do not make any decisions with regard to the specific care of any inmate, including any dental care for an inmate.

(Defendant's Motion for Summary Judgment, Att. Exh. A). Plaintiff has not disputed the assertions in Defendant Stubblefield's affidavit.[3] As stated above, "respondeat superior is not a basis for liability under 42 U.S.C. § 1983," and "a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." Keeper, 130 F.3d at 1314 (internal quotations and citations omitted). Thus, because Defendant Stubblefield was not involved in the treatment decisions made by the medical unit's staff, and further lacked knowledge of Plaintiff's alleged medical condition, he cannot be held liable for the medical staff's diagnostic decisions. Id. Defendant's Motion for Summary Judgment on this portion of Plaintiff's Complaint must therefore be granted.

## CONCLUSION

Accordingly,

---

[3] In his response, Plaintiff asserts only that, "Stubblefield was aware *are [sic] should have been aware* of the....deliberate indifference to his medical [sic] serious medical needs and....failed to take appropriate action to correct the wrongs and thereby permitted the wrongs to continue, and thereby created a policy or custom under which such practices occurred." (Plaintiff's Response, Doc. No. 79, P. 7 (emphasis added)).

**IT IS HEREBY ORDERED** that Defendant Stubblefield's Motion for Summary Judgment (Doc. No. 66) is **GRANTED**, and Plaintiff's claims against Gene Stubblefield are **DISMISSED** with prejudice.

Dated this 29th day of November, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE