UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT BELL, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:06CV822 JCH |
| ) | |
| GENE STUBBLEFIELD, et al., ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon Defendant Ben Gennaro's Motion for Summary Judgment, filed July 20, 2007. (Doc. No. 69). The matter is fully briefed and ready for disposition.

## BACKGROUND

By way of background, Plaintiff Robert Bell filed his Complaint in this matter under the Civil Rights Act, 42 U.S.C. § 1983, on May 22, 2006. (Doc. No. 3). In his Complaint, Plaintiff named as Defendants a number of employees of the St. Louis City Justice Center ("SLCJC"). Plaintiff sought declaratory, injunctive, and monetary relief, for alleged violations of his constitutional rights while he was detained at the SLCJC. Plaintiff's allegations fell within three general categories: 1) that he suffered bleeding, serious pain, and difficulty eating, because of inadequate dental care; 2) that he suffered employment discrimination because of his age and in retaliation for his having filed grievances; and 3) that he was retaliated against and disciplined because he filed grievances and lawsuits. With respect to Defendant Gennaro[1], Plaintiff made only one allegation, as follows: "Lt. Ben Gennaro came in my room and demanded I stop filing grievances (9-4-03) against his officers

---

[1] At all relevant times, Defendant Gennaro held the position of Lieutenant for the City of St. Louis Division of Corrections. (Defendant Gennaro's Motion for Summary Judgment, P. 2).

and threatened to lock me in the hole on the fifth floor. Then he confined me to my room for three days,..." (Compl., P. 15).

In an Order entered June 28, 2006, this Court granted Plaintiff's motion for leave to proceed in forma pauperis. (Doc. No. 4). The Court then dismissed the portions of Plaintiff's Complaint alleging employment discrimination and retaliation against Defendant Lorenzo Chancellor, as barred by the operation of res judicata. (Id., P. 4). The Court further noted some of Plaintiff's claims were barred by the applicable statute of limitations. (Id., PP. 4-5). Finally, the Court dismissed Plaintiff's claims against all Defendants except Unknown Dentist, Felicia Curtis, Ben Gennaro, Unknown Percy, Unknown Garret, and Gene Stubblefield, for being legally frivolous and/or failing to state a claim upon which relief may be granted. (Id., P. 8). The Court thus permitted only the following claims to proceed:

    1.    A claim of deliberate indifference to serious medical needs against Defendant Dentist;

    2.    A claim of retaliation for filing grievances against Defendants Gennaro, Garret, Curtis, and Percy; and

    3.    A claim against Defendant Stubblefield, for making policy decisions that allegedly created the unconstitutional conditions.[2]

(Id., PP. 5-8). In a separate Order entered December 18, 2006, however, the Court dismissed Plaintiff's claims against Defendants Curtis, Percy, Garret and Unknown Dentist, for failure to serve. (Doc. No. 29).

---

[2] In its June 28, 2006, Order, the Court did not allow Plaintiff's claim of conspiracy to proceed. Plaintiff's Complaint against Defendant Gennaro thus is limited to the sole claim in which he personally was implicated, as above articulated. Thus, any new claims regarding Defendant Gennaro's alleged involvement in other incidents, including the documented episode on December 15, 2003, will not be addressed here.

As stated above, Defendant Gennaro filed the instant Motion for Summary Judgment on July 20, 2007. (Doc. No. 69). In his motion, Defendant Gennaro maintains Plaintiff's Complaint against him must be dismissed, because the undisputed facts show (1) there is no policy or custom at SLCJC that correctional officers threaten, punish, or retaliate against inmates for filing grievances; (2) Defendant Gennaro has never retaliated against any inmate, including Plaintiff, for filing a grievance; (3) any confinement of Plaintiff was pursuant to disciplinary action unrelated to Plaintiff's filing of any grievances; and (4) Defendant Gennaro is entitled to qualified immunity as a matter of law. (Id.).

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. Anderson, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. Anderson, 477 U.S. at 255. The Court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Id. at 249.

## DISCUSSION

In his Motion for Summary Judgment, Defendant Gennaro acknowledges that prison officials cannot impose disciplinary sanctions against a prisoner in retaliation for the prisoner's exercise of his constitutional right to file grievances. (Defendant Gennaro's Memorandum in Support of his Motion for Summary Judgment, P. 4). Defendant Gennaro continues to assert the prisoner's claim of retaliation must fail, however, if the discipline was imposed for a violation of prison rules or regulations. (Id.). Defendant Gennaro further submits an affidavit in support of his Motion for Summary Judgment, in which he testifies in relevant part as follows:

2. As a Lieutenant, I generally supervise officers in correctional facilities under the City of St. Louis Division of Corrections system and oversee inmates, including taking disciplinary action against inmates.

3. I have reviewed the lawsuit filed by Plaintiff Robert Bell alleging that I confined Plaintiff Bell to his room for three days because he filed grievances.

4. There is no policy that correctional officers threaten, punish, or retaliate against inmates for filing grievances. I do not retaliate against any inmate for filing grievances. I direct any inmate with a complaint to file a grievance. I never retaliated against Plaintiff Bell for filing any grievance.

5. Any confinement of Plaintiff Bell would have been pursuant to disciplinary action unrelated to the filing of any grievances. Plaintiff Bell verbally harassed Officer Curtis on multiple occasions and improperly used his emergency intercom button.

(Affidavit of Ben Gennaro, ¶¶ 2-5). Finally, Defendant Gennaro attaches to his motion an Incident Report dated December 15, 2003, apparently in an effort to provide documentary evidence of his motivation for disciplining Plaintiff.

Upon consideration, the Court will deny this portion of Defendant's Motion for Summary Judgment, as disputed issues of material fact remain with respect to Plaintiff's claim of retaliation. Burgess v. Moore, 39 F.3d 216, 218 (8th Cir. 1994). Specifically, the Court notes that in his Complaint, signed under penalty of perjury, Plaintiff accused Defendant Gennaro of retaliating against him for filing grievances in early September, 2003. (Compl., P. 15). As noted above, however, Defendant Gennaro never mentions this incident in his Motion for Summary Judgment; rather, he provides only a blanket denial of wrongdoing, coupled with a rationalization for his apparent involvement in a later incident. In light of Defendant Gennaro's complete failure to address the specific claim in Plaintiff's Complaint, the Court finds a genuine issue necessarily remains with respect to whether Defendant Gennaro retaliated against Plaintiff for his use of the prison grievance procedures in September, 2003. Burgess, 39 F.3d at 218. See also Madewell v. Roberts, 909 F.2d 1203, 1206 (8th Cir. 1990) (citation omitted) ("The district court could resolve this dispute only by deciding to believe [defendant's] affidavit rather than plaintiffs' affidavits, and such a credibility determination is inappropriate in ruling on a motion for summary judgment."). Further, because Defendant Gennaro's actions at that time remain disputed, the Court finds summary judgment to be inappropriate on Defendant's qualified immunity theory as well. Burgess, 39 F.3d at 218, citing Gainor v. Rogers, 973 F.2d 1379, 1385 (8th Cir. 1992).[3]

## **CONCLUSION**

Accordingly,

---

[3] The Court has considered Defendant Gennaro's other arguments in favor of summary judgment, and finds them to be without merit. This matter thus will proceed to trial on Plaintiff's claim of retaliation on the part of Defendant Ben Gennaro in September, 2003. The Court cautions Plaintiff, however, that Defendant Gennaro is the only remaining Defendant in this matter, and thus Plaintiff will not be permitted to present testimony regarding the actions of others. Plaintiff further will not be permitted to present testimony regarding claims not raised in his original Complaint.

**IT IS HEREBY ORDERED** that Defendant Ben Gennaro's Motion for Summary Judgment (Doc. No. 69) is **DENIED**.

Dated this 29th day of November, 2007.

                                              /s/ Jean C. Hamilton
                                              UNITED STATES DISTRICT JUDGE